UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WOODROW ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV971 JCH |
| ) | |
| JAMES PURKETT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss, filed August 17, 2005. (Doc. No. 13). The matter is fully briefed and ready for disposition.

By way of background, Plaintiff filed his Complaint in this matter on June 17, 2005. (Doc. No. 1). In his Complaint, Plaintiff seeks monetary relief for alleged violations of his constitutional rights. Specifically, Plaintiff complains Defendants showed deliberate indifference to his medical needs, by failing to properly diagnose and treat his heart condition.

In their Motion to Dismiss, Defendants assert that Plaintiff's Complaint must be dismissed for failure to exhaust administrative remedies. Defendants note that Plaintiff did not complete the prisoner grievance procedure before he filed this suit.

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, a prisoner cannot bring a § 1983 action with respect to prison conditions without first exhausting his available administrative remedies. 42 U.S.C. § 1997e(a). The requirement that a prisoner exhaust prison grievance remedies applies to all prisoners seeking redress for prison "circumstances or occurrences," even when the prisoner seeks relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002); Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001).

If exhaustion of administrative remedies is not completed at the time of the filing of the lawsuit, dismissal of the action is mandatory under the PLRA. Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003). The assertion that a plaintiff failed to exhaust all available administrative remedies as mandated by the PLRA is an affirmative defense; it is the burden of the defendant asserting this affirmative defense to plead and prove it. Foulk, 262 F.3d at 697. The underlying principle of the § 1997e(a) exhaustion requirement is to give notice to administrators and allow policy makers to change their behavior. Thomas v. Woolum, 337 F.3d 720, 725 (6th Cir. 2003); Neal v. Goord, 267 F.3d 116, 120 (2d Cir. 2001).

The Missouri prison grievance process provides that an inmate must first file an Informal Resolution Request ("IRR") within fifteen days of the incident. (Defendants' Exh. AAA, at 4). A response from prison officials is due forty days later. (Id.). Second, the inmate may appeal the IRR response by filing an Inmate Grievance within seven calendar days of receipt of the IRR response. (Id.). Another response from the prison is due forty days later. (Id.). Third, if the inmate is not satisfied with the grievance response, he may file an Inmate Grievance Appeal within seven calendar days of the response. (Id.). A response from the prison is due one hundred days later. (Id.). The grievance procedure is considered fully exhausted after step three of the process, i.e., completion of the grievance appeal. (Id. at 3).

As stated above, Plaintiff concedes that he had not completed the grievance procedure at the time that he filed suit. He states that he filed his first Grievance on May 9, 2004, and his second Grievance on January 24, 2005. (Plaintiff's Response, Doc. No. 17, at 2-3). On May 5, 2005, having not received responses from either Grievance, he filed a Grievance Appeal. (Id. at 4). Plaintiff states that he then talked to two attorneys who told him that the statute of limitations for a § 1983 action

was two years,[1] so he filed the instant suit on June 17, 2005. (Id.). On August 5, 2005 and September 8, 2005 Plaintiff received responses from his Grievance Appeals. (Id. at 5).

On facts identical to those here, the Eighth Circuit has held that "in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory." Johnson, 340 F.3d at 627. Thus, dismissal without prejudice is appropriate, because Plaintiff has failed to show that he exhausted his administrative remedies as to the claim raised in the instant Complaint. See Kozohorsky v. Harmon, 332 F.3d 1141, 1143 (8th Cir. 2003). Plaintiff may refile his action along with proof that he has exhausted the administrative process.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. No. 13) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** without prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of December, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] This advice was incorrect. The statute of limitations in Missouri for § 1983 actions is five years. Farmer v. Cook, 782 F.2d 780 (8th Cir.1986)